[No. 2,879.]

MARIA YGNACIO ALVISO BERNAL, PEDRO BERNAL, JUAN YGNACIO ALVISO, AND LOUISA ALVISO VINCENT, ET AL., v. CHARLES WADE, ESTAFANA ALVISO WADE, RAFAEL ALVISO, AUGUSTA ALVISO DIAS, AND LAUTARIO DIAS, ET AL.

IMPLIED FINDING OF FACTS. — If there are findings made by the Court, which are mere findings of evidence and not of issuable facts, the law will imply findings upon all the issuable facts, in support of the judgment.

IDEM. — The Court should, in its finding of facts, find the material issuable facts, and not the evidence or reasons for the decision.

CONSTRUCTION OF WILL. — A will which declares that the testator's lands are for the benefit and property of the testator's daughter, Dolores, and of the sons of a deceased son, Domingo, and then declares, that whereas the widow of a deceased son, Jo sé Maria, has a house on a portion of the land called " Chino," that it is the will of the testator that she be permitted to remain in permanency in her house, with liberty to raise her cattle and cultivate it, passes the fee to Dolores and the sons of Domingo, subject to an estate for life in the widow of José Maria, to the part called " Chino."

APPEAL from the District Court, Third Judicial District, City and County of San Francisco.

The " findings " alluded to in the opinion were as follows: "I find for the defendants in this case, because: 1. The evi-

dence is insufficient to prove that Ygnacio Alviso placed his son in possession of the land in controversy with the intention of renouncing it in his favor and irrevocably transferring to him the title to it. 2. It is insufficient to prove that the son accepted the possession of the land as a donation from his father. 3. Therefore, the plaintiff has no equitable right or title to the land connected with the confirmed grant under which the defendants are in possession claiming title; and the defendants are entitled to judgment."

Manuella Cantua was the widow of the deceased son, José Maria. The devise in the will was as follows:

"After the payment of my debts from the product of the sale of a part of the land that belongs to me of the Rancho del Rincon de los Esteros, which part so sold shall be that which lies between the creeks of the Coyote and of the Penetencia, all the remainder of said mentioned rancho of the Rincon de los Esteros for the benefit (or use) and property of my daughter, Dolores, and of the legitimate sons of my deceased son, Domingo, in the following manner: the half on the northwest part for the former, and the other half towards the southwest for the latter.

"I declare that, whereas (or in virtue of the fact that), the widow of my deceased son, José Maria, has a house established on the portion of said land which is called ' Chino,' and with land of her own on the western side of the River Guadalupe, it is my will that said widow be permitted to remain in permanency and tranquillity in the establishment (*finca*) of her house, with entire liberty to raise her sheep, and tame cattle, and make the sowings (cultivate the ground), as up to the present time she has actually done (*verificado*)."

The other facts are stated in the opinion.

*Wm. Matthews*, and *Moore, Laine & Silent*, for Appellants.

*Houghton & Reynolds*, for Respondents.

By the Court, WALLACE, C. J.:

The complaint alleges that Ygnacio Alviso, being at the time the grantee, under the Mexican Government, of the rancho "Rincon de los Esteros," made to his son José Maria under whom plaintiffs claim, a verbal gift of that portion of the rancho called "Chino." The defendants are the devisees, or the grantees of the devisees of Ygnacio Alviso, and under the Act of Congress of March 3d, 1851, "to ascertain and settle private land claims in the State of California," are the confirmees of the portion of the rancho which includes the tract called "Chino," in controversy in this action. It is alleged in the complaint that in order to obtain the confirmation of their claim, the defendants fraudulently, and in disregard of the rights of the plaintiffs in the premises, represented to the Board of United States Land Commissioners, and to the Courts of the United States having cognizance thereof, that they (the defendants) had succeeded to and then held the title to the land called "Chino," which Ygnacio Alviso had originally obtained under his grant to the rancho "Rincon de los Esteros," in which it was included, and that the defendants, in fact, procured the confirmation to be made to themselves through and in consequence of such of their fraudulent pretenses and representations. The prayer of the complaint is, that the defendants be decreed to convey to the plaintiffs their confirmed title to "Chino," and that they surrender possession, etc. The defendants having in their several answers denied the making of the alleged gift by Ygnacio Alviso, the cause was tried by the Court below without the intervention of a jury, and judgment having been rendered for the defendants, the appeal is taken from the judgment and from an order subsequently made denying the plaintiffs a new trial.

Some discussion has occurred between counsel as to whether the "findings of the Court," so called, and contained in the record, amount really to findings of fact, or to conclusions of law merely. If it were indeed necessary to determine the question, it would prove to be one infinitely more difficult of solution than any other to be found in the record. Happily, however, in this instance the somewhat ingenious circumlocution in which the "findings" are masked will not obstruct the determination of the rights of the parties before us, inasmuch as there is certainly nothing in these "findings of the Court" which can fairly operate to contravene or qualify those other findings of fact implied here in support of the judgment the defendants obtained below. These implications import a finding that the gift alleged in the complaint as the basis of the action was not made to José Maria Alviso by his father, and under the rule of practice referred to must operate an affirmance of the judgment, unless it appear that the evidence given upon the part of the defendants upon that issue was none at all, or so slight in its character as not to have amounted to a substantial conflict against the case made by the plaintiffs at the trial of the action. A careful examination, however, of the evidence respectively adduced by the parties, makes it manifest that there was a substantial conflict between the witnesses of the plaintiffs and those of the defendants upon this most important question of fact—to say nothing of the rather significant contradictions apparent between the plaintiffs' witnesses themselves—in reference to the circumstances immediately attending the making of the alleged gift—as to the person present thereat—the identity of the tract which was the subject of the gift, etc; "a conflict," (as was once observed here in reference to a case similarly circumstanced) "not the less fatal because intestinal in its character." In fact, had the plaintiffs succeeded below and the defendants

been denied a new trial, a question somewhat serious would have arisen as to whether the judgment could have been maintained here.

Nor can the case of the plaintiffs derive any aid from the will of Ygnacio Alviso, put in evidence by the defendants. Certainly there is to be found in the body of the will no recognition of the fact that the testator had made the alleged gift to his son, José Maria, the deceased; nor, indeed, the slightest allusion to any transaction of that nature; and, as to the construction to be put on the devise of the rancho, if it could be supposed to have any bearing on the case in the one way or the other, it is plain that, under the devise the fee passed to Dolores, a daughter of the testator, and to his grandsons, the children of his deceased son, Domingo—subject to an estate for life in Manuella Cantua, the widow of José Maria Alviso.

The judgment and order denying a new trial are affirmed.

Mr. Justice CROCKETT, being disqualified, took no part in the decision.